DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JOSEPH TARTAKOVSKY (CABN 282223)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7230
    Fax: (415) 436-7234
    Joseph.Tartakovsky@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO.: 3:20-mj-71899-MAG |
|     Plaintiff, | ) |
| v. | ) UNITED STATES' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRETRIAL DETENTION |
| SAMUEL POLANCO, | ) |
|     Defendant. | ) |

## NOTICE OF MOTION

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, as soon as the matter may be heard, the United States will move and does hereby move this Court for entry of an order detaining defendant Samuel Polanco pending trial.

## MEMORANDUM OF POINTS AND AUTHORITIES

On September 17, 2020, Samuel Polanco was arrested for illegally possessing a handgun and ammunition. That was his third firearm arrest by San Francisco police in a nine-month period. Each arrest involved a different gun; each gun was loaded. These arrests follow Polanco's eight felony convictions—six in the last three-and-a-half years, or about one every seven months. Moreover, the September arrest

came while Mr. Polanco was on probation in San Francisco for two separate convictions—one for assault with a deadly weapon, the other for burglary—probation sentences he violated flagrantly enough to compel his probation officer to move to revoke Polanco's probation.  During the September 2020 arrest, Polanco was also found with distribution-level amounts of methamphetamine and Fentanyl.

On December 23, 2020, the United States charged Polanco, by Complaint, with being a felon in possession, 18 U.S.C. § 922(g)(1), and for possessing methamphetamine with intent to distribute, 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii).  Doc. 1.  On December 29, 2020, the City and County of San Francisco dismissed its prosecution of Polanco to allow this federal case to proceed.  On January 21, 2021, Polanco was released by San Francisco (where he had been detained continuously since September) and taken into federal custody.  The Government respectfully asks the Court to detain Mr. Polanco, pretrial, as a danger to the community and a flight risk.

I.      **LEGAL STANDARDS**

This Court can detain a defendant pretrial without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).  Detention is appropriate where a defendant is either a danger to the community or a flight risk.  *Id.* at § 3412 (b), (c).  A finding that a defendant is a danger to the community must be supported by clear and convincing evidence.  *Id.* at § 3142(f)(2)(B).  A finding that a defendant presents a risk of non-appearance must be supported by a preponderance of the evidence.  *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

The Court considers four factors to determine whether the pretrial detention standard is met:  (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including his character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

Finally, the law presumes that no condition or combination of conditions will reasonably assure the appearance of the defendant, and the safety of the community, when the defendant is charged with an offense under the Controlled Substances Act for which the maximum term of imprisonment is ten years or more. *Id.* at § 3142(e)(3)(A). A detention hearing must be held upon motion of the attorney for the Government in cases involving serious drug or firearm offenses. *Id.* at § 3142(f)(1)(C) & (E).

## II. ARGUMENT

### A. This is a presumption case and it is Mr. Polanco's burden to show that there are conditions of release that could safeguard the community and ensure his appearance.

This Court must presume that no condition or combination of conditions will reasonably assure Mr. Polanco's required appearance and the safety of the community. 18 U.S.C. § 3142(e)(3)(A). A judicial officer found probable cause to believe that Polanco knowingly possessed 50 grams or more of a mixture or substance containing methamphetamine with intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii), an offense with a maximum prison sentence of 40 years.

### B. The nature and circumstances of Polanco's charged offenses, and the weight of the evidence, support detention.

On September 17, 2020, SFPD officers arrested Polanco at the Soma Inn.[1] In his left sweatpants pocket, officers found what is called a privately manufactured firearm, a 9mm caliber pistol without a serial number. The gun's magazine contained 10 rounds of unfired 9mm ammunition. In Polanco's car, police found another 28 rounds of unfired 9mm ammunition and 17 rounds of unfired .40 caliber ammunition. There was also an empty ammunition box. The car also contained small ziplock baggies, an ID in a woman's name, and a laptop—evidence suggestive of Polanco's drug dealing and property crimes. Separately, police found, *on* Polanco, about 210 grams of methamphetamine and 45.33 grams of Fentanyl (as determined by the Alameda County Sheriff's Office Crime Laboratory). At the time of his arrest, Polanco had two outstanding warrants in San Francisco authorizing his arrest. He was also on probation in San Francisco for two separate crimes. Controlled-substance and firearm offenses are crimes specifically identified by Congress in detention decisions (alongside terrorism, crimes against

---

[1] The factual assertions in support of this memorandum are drawn from ATF Special Agent Joseph Demartini's Affidavit in Support of an Application for Criminal Complaint and Arrest Warrant (Doc. 1), multiple SFPD Incident Reports, a CLETS report, and any sources otherwise noted.

UNITED STATES' DETENTION MEMORANDUM
3:20-mj-71899-MAG                    3

minors, and violent crimes).  18 U.S.C. § 3142(g)(1).

    **C.**    **Polanco's history and characteristics, and the nature and seriousness of the danger to any person or the community posed by Polanco's release, support detention.**

        **1.**    **Polanco poses a danger to the community**

First, Polanco's criminal history—extensive, continuous, recent, and marked by re-offending—supports detention.  Polanco continues to pose a danger to the community on numerous grounds:

- *Firearm-related danger*:  Polanco has been involved with firearms since at least 2014, when a warrant was issued against him for exhibiting a firearm in violation of Cal. Penal Code 417(a)(2).  His most recent arrests establish an escalating menace to the public from him—three arrests, for possessing three different loaded handguns, in nine months.  The first came on December 19, 2019, when Polanco was arrested in his apartment with a stolen pistol and ammunition, after a burglary investigation led to him.  Then, on May 19, 2020, a 911 caller reported men (Polanco among them) on Filbert Street, passing around a pistol clip; police arrived, searched a backpack identified by witnesses as Polanco's, and found a pistol.  (In Polanco's jacket, officers found suspected methamphetamine and Fentanyl.)  Finally, on September 17, 2020—the arrest underlying the instant charges—Polanco was again booked for firearm and ammunition possession.

- *Other felony convictions for dangerous crimes:*  Polanco was convicted on March 7, 2017 for felony assault with a deadly weapon under Cal. Penal Code § 245(a)(4).  He remains on probation for that offense.  On December 29, 2014, he was convicted for driving in willful or wanton disregard of safety while fleeing, in violation of Cal. Veh. Code § 2800.2(a).

- *Violence-related arrests not involving firearms:*  Polanco has ten arrests for offenses involving some measure of violence or potential violence—including for robbery, concealing daggers, and assault with a deadly weapon.[2]

---

[2] According to his CLETS report: December 22, 2013: arrested in connection with a leaded cane or billy club; March 9, 2014: arrested for threatening crime with intent to terrorize (and later *convicted* of assault); October 18, 2011: arrested for attempted robbery; October 9, 2012: arrested for robbery (and later *convicted* of felony grand theft; a charge of carrying a knife was dropped); June 13, 2013: arrested for robbery; August 18, 2013: arrested for robbery; June 28, 2014: arrested for robbery; June 10, 2015: arrested for carrying a concealed dirk or dagger; August 15, 2015: arrested for carrying a concealed stolen weapon; October 9, 2015: arrested for assault with a deadly weapon (not a firearm).

UNITED STATES' DETENTION MEMORANDUM
3:20-mj-71899-MAG                    4

- *Property-crime danger*: For over a decade Polanco has provoked a steady stream of arrests, warrants, or convictions for larceny, burglary, grand theft, vehicle theft, possession of burglary tools, and receipt of stolen property.[3]  He has six convictions for burglary or grand theft.  Between 2008 and 2020 he was arrested (or faced a warrant) seventeen times for these property-related crimes.  In his apartment, during his December 2019 arrest, police found a hoard of other peoples' property: IDs, a laptop, rock-climbing gear, medicine, and more.  The firearm found there had itself been reported stolen after a car break-in.  Some purloined items found in Polanco's possession hint ominously at criminality beyond mere theft: a credit card found in Polanco's backpack at the time of his May 2020 arrest had "what appeared to be dried blood," and it was later "revealed that the person of the name on the located credit card has been reported missing."[4]

Second, Polanco, at the time of the firearm and drug offenses now charged, was on probation in San Francisco—another fact that justifies detention.  18 U.S.C. § 3142(g)(3)(B).

Third, the danger posed to the community by firearms and drug offenses is well established. *See United States v. Daychild*, 357 F.3d 1082, 1100 (9th Cir. 2004) (approving detention based on danger to the community due to defendant's possession of firearms and stating that "danger posed to the public by armed conspirators who traffic in illicit drugs is too plain to permit dispute"); *see also United States v. Torres*, 911 F.3d 1253, 1264 (9th Cir. 2019) (Congress passed section 922(g) to "disarm groups whose members Congress believes are unable or unwilling to conduct themselves in conformity with the responsibilities of citizenship").

---

[3] According to his CLETS report: March 28, 2008: arrested for receiving stolen property; August 18, 2013: arrested for receiving stolen property; December 22, 2013: arrested for grand theft; November 11, 2014: arrested for vehicle theft and attempt to receive stolen property; June 10, 2015: arrested for vehicle theft June 26, 2015: arrested for burglary; September 3, 2016: arrested for possessing burglary tools (and later *convicted* of grand theft); November 8, 2016: arrested for grand theft; December 16, 2016: arrested for possession of burglary tools; January 20, 2017: arrested for robbery (and later *convicted* of assault with a deadly weapon); April 20, 2017: warrant issued for grand theft (and later *convicted* of burglary); May 8, 2017: arrested for burglary; January 6, 2018: arrested for burglary, receiving stolen property, and grand theft (and later *convicted* of burglary); August 17, 2018: arrested for burglary, possessing burglary tools, and receiving stolen property (and later *convicted* of burglary); October 10, 2019: arrested for grand theft; December 19, 2019: arrested for burglary and receiving stolen property (and later *convicted* of burglary) (in addition to firearm possession); May 19, 2020: arrested for possessing burglary tools and possessing stolen property (in addition to firearm possession).

[4] Motion to Revoke Probation, SF Probation Officer L. Talavera (Court Date 5/22/20), at 2.

Finally, Polanco's state probation officer concluded that Polanco is a danger to the community. She filed two pending motions to revoke his probation. Within these she notes that Polanco received mandatory supervision in lieu of incarceration three times and that he violated the terms of supervision each time.[5] She observes, too, that Polanco has evidently committed multiple offenses while on probation: "In the five months since being granted probation…Polanco has suffered two arrests involving a firearm and illegal narcotics."[6] (His May 2020 arrest came less than a month after Polanco began a probation term.) She concluded as follows:

> Despite being given yet another opportunity through a new grant of probation less than six months ago, Mr. Polanco has chosen to continue to engage in a high risk lifestyle in such a way that poses a threat to the safety and security of the community…. [He] demonstrates a lack of interest in accessing services that can assist in address the factors contributing to his current criminal lifestyle. This lack of engagement coupled with his most recent arrests displays that Mr. Polanco is not amenable to probation at this time.[7]

### 2. Polanco is at risk of flight or nonappearance

Mr. Polanco has demonstrated a pattern of flouting court-imposed obligations. He has faced two motions in which his state probation officer sought to revoke his probation—partly on grounds of court non-appearance as well as disregard for his treatment requirements and other obligations. For instance, his probation officer reported that, on August 28, 2020, a bench warrant was issued for a failure to appear in court.[8] She noted that Polanco was "given the opportunity to participate in Drug Court and failed to engage." She wrote, too, that he "fail[ed] to report to the Adult Probation Department" as required.[9] And she observed that Polanco has been "out of compliance with his reporting requirements."[10]

Furthermore, Mr. Polanco seems to lack a stable home address. His three most recent SFPD Incident Reports reflect either different home addresses or no address. A June 2020 SFPD criminal history record indicated Polanco's address as "transient."

---

[5] *Id.*

[6] Motion to Revoke Probation, SF Probation Officer L. Talavera (Court Date 9/22/20), at 3.

[7] *Id.* at 3.

[8] *Id.* at 1.

[9] *Id.* at 3.

[10] Motion to Revoke Probation, SF Probation Officer L. Talavera (Court Date 9/22/20), at 3.

### III. CONCLUSION

Polanco is a danger to the community based on his determination to possess loaded guns and record of recidivism—a record Polanco has continued to bolster by committing alleged new offenses, while on probation no less. He is also a flight risk given his history of ignoring his probation terms, reporting duties, and court appointments. All § 3142(g) factors support detention and Polanco cannot overcome the presumption in favor of his detention. The United States respectfully requests that Polanco be detained.

DATED:     January 21, 2021

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

 */s/ Joseph Tartakovsky*
JOSEPH TARTAKOVSKY
Assistant United States Attorney